GEORGE C. CREACH, appellant, v. FREDERICK TAYLOR, appellee.

*Appeal from Calhoun.*

In demurrers to evidence, the demurrer and joinder must appear upon paper; the practice of merely stating in the record that there was a demurrer and joinder, is too loose to be tolerated.

THIS cause was heard in the Court below, at the April term, 1839, before the Hon. William Thomas. Judgment was rendered for the defendant. The plaintiff appealed.

J. W. WHITNEY, for the appellant, cited 1 Tidd's Pract. 913 –14 ; 5 Johns. 1 ; Doug. 213 ; Sellon's Pract. 436 ; Story's Plead. 363–4, and cases there cited ; Swift's Dig. title *Demurrer to Evidence.*

SMITH, Justice, delivered the opinion of the Court :

This case presents the same point decided at the present term, in the case of Dormady v. The State Bank of Illinois. (1)

The question is one of demurrer to evidence. On looking into the record, no written demurrer or joinder is contained therein, but a recital is stated of a demurrer and joinder by the parties. The evidence is contained in a bill of exceptions to the opinion of the Court, on its judgment on the demurrer, sustaining the same, which also recites the demurring and joining in demurrer to the evidence. The whole evidence is a mass of circumstances and presumptions, of an exceedingly loose and indeterminate character, relating to the identity of certain animals alleged to be the property of the plaintiff, for which the present action of trover and conversion was prosecuted. No admissions are made of particular facts, nor of those the evidence conduces to prove. The case is not only loose and uncertain in the manner it is presented, the demurrer and joinder not appearing on paper,—a practice not to be tolerated in cases of demurrer to evidence, — but is so completely within the rule of decision laid down in the case of Dormady v. The State Bank of Illinois, that we cannot hesitate to reverse the judgment, and remand the case with instructions to the Circuit Court, to award a *venire facias de novo.*

The plaintiff in error is to recover his costs.

*Judgment reversed.*

(1) *Ante* 236.